UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELICE PATTON ARNOLD,

       Petitioner,

v.                                                                        Case No. 09-11742
                                                 Honorable Patrick J. Duggan

HEIDI WASHINGTON,

       Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION
## FOR A WRIT OF HABEAS CORPUS

At a session of said Court, held in the U.S. District
Courthouse, Eastern District
of Michigan on May 13, 2009.

PRESENT:  HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Petitioner Elice Patton Arnold ("Petitioner"), a state prisoner presently confined at the Scott Correctional Facility in Plymouth, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the propriety of her second-degree murder sentence.

I.

Promptly after the filing of a petition for a writ of habeas corpus, the district court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

not entitled to relief in the district court, . . ." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also McFarland v. Scott*, 512 U.S. 849, 856, 114 S. Ct. 2568, 2572 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the respondent. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). After undertaking the review required by Rule 4, this Court concludes that the claim raised in the petition is meritless, such that the petition must be denied.

II.

In July 2007, in the Circuit Court for Oakland County, Michigan, Petitioner pleaded guilty to second-degree murder in violation of Michigan Compiled Laws Section 750.317 and nolo contendere to assault with a dangerous weapon in violation of Michigan Compiled Laws Section 750.82. The trial court subsequently sentenced Petitioner to a term of imprisonment of eighteen years and six months to sixty years on the murder conviction and one to four years on the assault conviction. Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which the court denied for lack of merit. *People v. Arnold*, No. 286736 (Mich.

Ct. App. Sept. 4, 2008) (unpublished). She also filed an application for leave to appeal with the Michigan Supreme Court, which the Court denied on February 24, 2009. *People v. Arnold*, 483 Mich. 896, 760 N.W.2d 480 (2009). On March 30, 2009, Petitioner filed the instant petition for habeas corpus relief in the United States District Court for the Western District of Michigan. The court transferred the case to this district on April 30, 2009.

### III.

In her habeas application, Petitioner states that she is challenging her second-degree murder sentence and claims: "My guidelines were overstepped. Went over the guidelines. Lawyer stated it." (Doc. 1 at 1.) She asks to be re-sentenced. (*Id.*) Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeds the statutory limit or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

Petitioner's claim that the trial court erred in departing from Michigan's guideline range is not cognizable on federal habeas review because it is a state law claim. *See Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir. 2003) (unpublished opinion) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, No. 93-319, 1993 WL 478854, at *2 (6th Cir. Nov.19, 1993) (unpublished opinion) (ruling that departure from state sentencing guidelines is a state law issue which is not cognizable on federal habeas review); *McPhail*

*v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006).  "In short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations."  *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).  Any error in departing from the guideline range does not merit habeas relief.  State courts are the final arbiters of state law and the federal courts will not intervene in such matters.  *See Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).  Habeas relief does not lie for perceived errors of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991).

Petitioner also cannot prevail on any claim that her second-degree murder sentence constitutes cruel and unusual punishment under the Eighth Amendment.  The United States Constitution does not require strict proportionality between a crime and its punishment.  *See Harmelin v. Michigan*, 501 U.S. 957, 965, 111 S. Ct. 2680, 2686 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000).  "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment."  *Marks*, 209 F.3d at 583.  A sentence within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'"  *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)).  "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole."  *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).

As indicated above, the trial court sentenced Petitioner to a term of imprisonment

4

of eighteen years and six months to sixty years on her second-degree murder conviction. Her sentence is within the statutory maximum of life imprisonment. *See* Mich. Comp. L. § 750.317. Consequently, it does not violate the Eighth Amendment. Habeas relief is not warranted.

IV.

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claim raised in her petition.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for a writ of habeas corpus is **DENIED**.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copy to:

Elice Patton Arnold, #644454
Robert Scott Correctional Facility
47500 Five Mile Road
Plymouth, MI 48170